DOMESTIC SEWING MACHINE COMPANY, plaintiff in error, *vs.* GEORGE W. WATTERS, defendant in error.

An inn-keeper has no lien on the goods in possession of his guest, as against the true owner, unless there be charges upon the specific article on which the lien is claimed.

*Certiorari.* Inn-keeper's lien. Before Judge UNDERWOOD. Floyd county. At Chambers. September 12, 1873.

Watters foreclosed an inn-keeper's lien for $40 50 against Henry Reynolds and had it levied upon a sewing machine.

A claim was interposed by the Domestic Sewing Machine Company. Upon the trial of the issue thus formed, it appeared that the amount claimed was due by the defendant for board ; that he had the machine, which was levied on, in his possession in the house of the plaintiff while boarding with him; that it was retained by the plaintiff under his lien when defendant left his house, but that the possession thereof was recovered by the claimant by possessory warrant; that defendant never had any title to nor interest in said machine.

The magistrate held the property subject. A petition for the writ of *certiorari* was filed, but the Judge refused his sanction, whereupon claimant excepted.

HAMILTON YANCEY, by brief, for plaintiff in error.

MITCHELL & GLENN, by WRIGHT & FEATHERSTON, for defendant.

TRIPPE, Judge.

The petition for *certiorari* alleges that the Justice of the Peace decided that notwithstanding the property levied on belonged to the claimant, and the defendant in *fi. fa.* had no title or interest in it, still the lien of the landlord for his whole bill must first be discharged before the claimant can recover the property. This is equivalent to holding that although the property in possession of a guest belongs to a third person, a landlord has a lien on it for the *board* of the guest. Not that the charges that may be on the property itself for keeping it, etc., must be paid, but be the property what it may, whether there are any costs or charges for keeping, storing or feeding it or not, the debt for the guest's board is a lien on it, no matter to whom it may belong, superior to the right or title of the true owner. Section 2122 of the Code says, the landlord's lien attaches though the guest has no title, or even stole the property, and the true owner must pay the *charges upon that specific article* before receiving the same. In *Colquitt & Baggs vs. Kirkman,* 47 *Georgia,* 555, the true construction

is put upon this section.    That was the case of the lien of a livery stable keeper.

By section 2124, the keeper of a livery stable is entitled to the same lien as an inn-keeper, and in the case referred to, it was held, that whilst as against the actual bailor, a livery stable keeper has a lien upon an article of property deposited with him for feed or storage, for his whole account against the depositor in the line of the livery stable business, yet, if the depositor be not the true owner of the particular article in question, or if there be a prior legal incumbrance upon it, the lien of the stable keeper is only good against the true owner or prior incumbrancer for the *expense of feeding or taking care of that particular article.*    This shows the true limit, both on the lien of the livery man and the inn-keeper.    As the application for a *certiorari* charges that the Justice of the Peace held directly in conflict with this, viz.: that although the sewing machine belonged to claimant, yet the inn-keeper had a lien upon it for the board of his guest who had it in possession.    We think the *certiorari* should have been granted, and all the facts inquired into and passed upon, to-wit: whether the guest had such a right to or interest in the machine as to make it liable to the lien of the inn-keeper.

Judgment reversed.