### SARAH BAKER v. ISABELLA STRATTON.

A boarding house keeper has not a lien, under section 68 of the act con-cerning inns and taverns, on the separate property of a married woman boarding at the house, living apart from her husband, where the husband has engaged, and, by express agreement, promised to pay, her board.

On error to the Camden Circuit Court.

An action of replevin was brought by the plaintiff to take from the possession of the defendant a Singer sewing machine belonging to the plaintiff, upon which a lien was claimed for

the amount of the plaintiff's board at the defendant's boarding house. The finding of fact by the court, without jury, was, that Mr. Baker engaged board for his wife with Mrs. Stratton,. and a balance was due at the time Mrs. Baker left, for which Mrs. Stratton retained the sewing machine, the property of Mrs. Baker, under section 68 of the Inn and Tavern act. The lien was held to be good, and judgment given for the defendant.

Argued at November Term, 1889, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and SCUDDER.

For the plaintiff, *J. W. Wartman.*

For the defendant, *Scovel & Harris.*

The opinion of the court was delivered by

SCUDDER, J.   The act under which this lien for the board of the plaintiff is claimed is entitled "An act for the better protection of hotel, inn and boarding house keepers." *Rev.,* *p.* 495, § 68.   It extends the remedies theretofore had by innkeepers for the recovery of the amount due to them for board by lodgers, by giving boarding house keepers like relief with them, and by other provisions giving both classes. additional protection.   In the present case, the pertinent feature of the act is found in the first section.   For the better understanding of the purpose of this statute, it is important to know what were the rights of innkeepers at the common law by lien on the baggage and property of boarders and lodgers. In the notes to *Cayle's Case,* 8 *Rep.* 32, in 1 *Sm. Lead. Cas.,*. it appears, that by the common law an innkeeper has a lien upon all the goods brought by the guest to the inn, for board and lodging furnished by him at the request of the latter ;: and this is so, although the goods may not be the property of the guest, but belong to some third person, provided the inn-keeper does not know that the goods are not the property of the guest.   The cases there cited establish this statement of

the law. This lien does not, however, attach to goods, the property of a third person, sent to the guest in the inn for temporary use, as a piano on hire, the innkeeper knowing that the goods are the property of another. *Broadwood* v. *Granara*, 10 *Exch.* 417. Some variations of the rule are also made by the construction put upon statutes, as in *Wyckoff* v. *Southern Hotel Co.*, 24 *Mo. App.* 382; *Alvord* v. *Davenport*, 43 *Vt.* 30; *Domestic Sewing Machine Co.* v. *Walters*, 50 *Ga.* 573; *Bayley* v. *Merrill*, 10 *Allen* (*Mass.*) 360, but in these cases the usual common law liability to the lien is recognized.

In *White* v. *Smith*, 15 *Vroom* 105, 107, the charge upon the guest's goods, and the property he brings with him in the ordinary way, for board and lodging at an inn, is stated as being based on the obligation to serve the public in its business, and the liability if it should refuse to receive the guest without adequate reason, and for the value of the property if stolen. In conferring this right of lien on boarding house keepers, the statute says they shall have a lien on all baggage and property belonging to boarders and lodgers at said boarding house, for the amount of their bill or bills due the proprietor thereof, for the hire of rooms or board in said boarding house, &c. By the words of the statute, it must be their bill (the guest's bill), and not the bill of another person. The fact that the husband, by express contract, engaged board for his wife alone, without becoming himself a guest at the house with her, made the bill due for her room and board his bill, distinctively, and not his wife's, although she only had the room and board. She was not received as a guest by the defendant upon the security afforded by the charge put upon her property by the law, but upon the express promise of the husband to pay her board, for a good consideration, founded on his legal liability to maintain her, and the accommodation given her at his request. The debt incurred was his, for which no action could be brought against her, nor could her separate property be seized, or detained for payment; nor could the liability of the husband to pay for her board be transferred to her and her property, upon his default, without

an express promise on her part to assume the payment, on some new and valid consideration to herself. The defendant's acceptance of the husband's promise to pay the wife's board, was a waiver of any right of lien on the goods which the wife brought to the house belonging to her. It is a general principle, that the right of lien is to be deemed waived when the party enters into a special agreement inconsistent with the existence of the lien, or from which a waiver of it may fairly be inferred. 2 *Kent Com.* 638.

It is not charged or proved that there was any fraud or attempt at concealment practiced, and nothing appears in the case to vary the rule, that there shall be no latitude of construction given to a statute to take the property of a married woman to pay the debt of her husband, or of any other person.

The judgment will be reversed.